**Rajinder SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–71600.
Agency No. A76–728–682.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2003.*

Decided Sept. 19, 2003.

Madan Ahluwalia, Ahluwalia Law Office, San Mateo, CA, for Petitioner.

---

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Carl H. McIntyre, Jr., Marion E. Guyton, Attorney, DOJ–U.S. Department Of Justice, Washington, DC, for Respondent.

Before PREGERSON, THOMAS, and PAEZ, Circuit Judges.

## MEMORANDUM**

Rajinder Singh, a native and citizen of India, petitions for review of a Board of Immigration Appeals decision summarily affirming the immigration judge's ("IJ") determination that he was not eligible for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the determination unless the evidence compels a contrary result. *Hernandez–Montiel v. INS*, 225 F.3d 1084, 1090–91 (9th Cir.2000). We grant the petition for review.

The IJ's determination that Singh lied about being a member of the All India Sikh Students Federation ("AISSF"), because he did not testify to performing "meaningful" duties for the AISSF, was impermissibly based on the IJ's conjecture about what duties an AISSF member would perform. *See Bandari v. INS*, 227 F.3d 1160, 1167–68 (9th Cir.2000). Singh's testimony must therefore be considered credible. *See He v. Ashcroft*, 328 F.3d 593, 603 (9th Cir.2003).

The record compels the conclusion that Singh was persecuted on account of his political opinion because his credible testimony established that he was arrested by Indian police and tortured for his political activities. *See Gonzales–Neyra v. INS*, 122 F.3d 1293, 1295 (9th Cir.1997).

The IJ's country condition findings do not rebut the presumption that Singh would be subject to future persecution because he testified that he was arrested and tortured for his political activities *after* the general country conditions improved. *See Chand v. INS*, 222 F.3d 1066, 1079 (9th Cir.2000).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

